**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NICOLE OCHS, | No. 17-36019 |
| Plaintiff-Appellant, | D.C. No. 6:16-cv-01063-JR |
| v. | |
| EUGENE EMERALDS BASEBALL CLUB, INC.; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Michael J. McShane, District Judge, Presiding

Argued and Submitted May 15, 2019
Portland, Oregon

Before: N.R. SMITH, WATFORD, and R. NELSON, Circuit Judges.

Nichole Ochs appeals the district court's dismissal on summary judgment of her claims under Or. Rev. Stat. § 659A.030 and Or. Rev. Stat. § 659A.199 for hostile work environment, sex/gender discrimination, and retaliation against her former employer the Eugene Emeralds Baseball Club, Inc., Elmore Sports Group, Ltd., and Ochs's former manager Allan Benavides (collectively "Emeralds").

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Because Or. Rev. Stat. § 659A.030 and Or. Rev. Stat. § 659A.199 were "modeled after Title VII of the federal Civil Rights Act of 1964, 42 U.S.C. § 2000E *et seq.*, federal cases interpreting Title VII are instructive." *Harris v. Pameco Corp.*, 170 Or. App. 164, 176 (2000). "We have jurisdiction pursuant to 28 U.S.C. § 1291 and review *de novo* the district court's grant of summary judgment." *Dominguez–Curry v. Nev. Transp. Dep't*, 424 F.3d 1027, 1033 (9th Cir. 2005). We affirm in part, reverse in part, and remand for further proceedings.

First, we reverse the district court's grant of summary judgment on Ochs's hostile work environment claim. To establish a prima facie hostile work environment claim, Ochs needed to show that "because of her [] sex, she was subjected to unwelcome conduct that was sufficiently severe or pervasive to alter the conditions of her employment and create an abusive working environment." *Campbell v. Haw. Dep't of Educ.*, 892 F.3d 1005, 1016 (9th Cir. 2018) (internal quotation marks and brackets omitted). "[A] sexually objectionable environment must be both objectively and subjectively offensive, one that a reasonable person would find hostile or abusive, and one that the victim in fact did perceive to be so." *Faragher v. City of Boca Raton*, 524 U.S. 775, 787 (1998). "We consider all circumstances, with a particular focus on issues such as the frequency and severity of the conduct, whether the conduct was physically threatening or humiliating, and the extent to which it unreasonably interfered with [Ochs's] work performance."

*Campbell*, 892 F.3d at 1017.

Ochs presented evidence that, for a period of roughly three years,[1] Benavides repeatedly and aggressively called her a "bitch," often in response to routine questions, and called her a "fucking bitch" and a "cunt" once, in addition to various gender-neutral abusive conduct. Although such epithets may not satisfy the "because of sex" factor in all contexts, a jury could find that, in these circumstances, Benavides's repeated and aggressive use of the epithets was because of Ochs's sex. *See Costa v. Desert Palace, Inc.*, 299 F.3d 838, 861–62 (9th Cir. 2002) (en banc); *Passananti v. Cook Cty.*, 689 F.3d 655, 666 (7th Cir. 2012). A reasonable jury also might find Benavides's conduct objectively severe or pervasive enough to "alter the conditions of [Ochs's] employment and create an abusive working environment." *Campbell*, 892 F.3d at 1016 (internal quotation marks and brackets omitted). And a reasonable jury could conclude that Ochs subjectively perceived her work environment to be abusive because she informed Benavides his conduct was disrespectful; complained about Benavides's conduct to coworkers; and felt she was being undermined by Benavides's conduct. *See Faragher*, 524 U.S. at 787. We therefore reverse the district court's grant of summary judgment on this claim and remand.

---

[1] The district court erred in excluding evidence that it perceived to be outside the one-year limitations period for Ochs's hostile work environment claim. *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 117–18 (2002).

Second, we affirm the district court's grant of summary judgment on Ochs's employment discrimination claim that Emeralds terminated her because of her sex. We analyze Ochs's claims "through the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)." *Hawn v. Exec. Jet Mgmt., Inc.*, 615 F.3d 1151, 1155 (9th Cir. 2010). "Under this analysis, plaintiffs must first establish a prima facie case of employment discrimination." *Id.* "If plaintiffs establish a prima facie case, the burden of production, but not persuasion, then shifts to the employer to articulate some legitimate, nondiscriminatory reason for the challenged action." *Id.* (internal quotation marks and brackets omitted). "If defendant meets this burden, plaintiffs must then raise a triable issue of material fact as to whether the defendant's proffered reasons for their terminations are mere pretext for unlawful discrimination." *Id.*

We find that Ochs failed to make a prima facie showing of employment discrimination. Although Ochs had good sales numbers, she was not performing her job satisfactorily. She had been reprimanded multiple times for being disrespectful to fans, coworkers, and management and was warned that if she did not improve her behavior, she would be terminated. Ochs also failed to show that other employees who had been similarly reprimanded for disrespectful conduct were treated more favorably.

Even if Ochs could make a prima facie case, she has failed to present any

4

evidence that Emeralds' legitimate nondiscriminatory reason for terminating her was pretextual. Emeralds terminated Ochs after she was disrespectful to Benavides in a meeting just months after she was warned that she would be terminated if her disrespectful conduct continued.

We reject Ochs's argument that the fate of her claim would differ if we did not apply *McDonnell Douglas*. As we have previously held, in circumstances such as these, "it is not particularly significant whether [Ochs] relies on the *McDonnell Douglas* presumption or, whether [s]he relies on direct or circumstantial evidence of discriminatory intent to meet [her] burden." *McGinest v. GTE Serv. Corp.*, 360 F.3d 1103, 1123 (9th Cir. 2004). "Under either approach, [Ochs] must produce some evidence suggesting that [Emeralds' decision to fire her] was due in part or whole to discriminatory intent, and so must counter [Emeralds'] explanation that" it fired Ochs because she once again disrespected management. *Id.* We therefore affirm the district court's grant of summary judgment on this claim.

Finally, we affirm the district court's grant of summary judgment on Ochs's two claims for retaliation: (1) for reporting Oregon Liquor Control Commission violations to Benavides; and (2) for reporting a hostile work environment to Emeralds' president D.G. Elmore. Ochs has neither shown a causal link between her protected activity and her termination, nor has she shown that Emeralds' legitimate nondiscriminatory reason for terminating her was pretextual. *See*

5

*Dawson v. Entek Int'l*, 630 F.3d 928, 934, 936 (9th Cir. 2011). Further, Ochs's claim for retaliation based on her reporting a hostile work environment fails because Benavides made the decision to fire Ochs prior to her reporting the hostile work environment to Elmore. "Employers need not suspend previously planned [employment actions] upon discovering that a Title VII suit has been filed . . . ." *Clark Cty. Sch. Dist. v. Breeden*, 532 U.S. 268, 272 (2001).

**AFFIRMED in part, REVERSED AND REMANDED in part.**